**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CRYSTAL BUFFERT,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-3443-21-0062-I-2 |
| 　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　　HUMAN SERVICES,<br>　　　　　Agency. | DATE:  March 4, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Crystal Buffert, Silver Spring, Maryland, pro se.

Alexandra L. Dixon, Washington, D.C., for the agency.

**BEFORE**
Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction.  On petition for review, the appellant argues that she is experiencing "harassment and hostility" in her workplace and that another employee is handling her duties after the agency began to leave her out of meetings.  Petition for Review (PFR) File, Tab 4 at 4. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the Board lacks jurisdiction over the appellant's claims that the agency, among other things, assigned her duties of a higher grade level without increased pay and ignored her request to reclassify her position. *Buffert v. Department of Health and Human Services*, MSPB Docket No. DC-3443-21-0062-I-2, Appeal File (I-2 AF), Tab 8, Initial Decision (ID) at 5-9. She also correctly found that the appellant failed to raise allegations that could form the basis of a suitability action claim or, to the extent the appellant was attempting to seek corrective action under the whistleblower protection statutes or the Veterans Employment Opportunities Act of 1998 (VEOA), that she failed to prove that she exhausted her administrative remedies

with the Office of Special Counsel (OSC) or the Department of Labor (DOL), respectively.[2]  ID at 8.  We discern no basis to disturb these findings.[3]

The appellant submits with her petition for review emails between her and her union regarding her issues with the agency and an email with an agency official addressing the appellant's concern that another employee was being credited for her work.  PFR File, Tab 4 at 6-16.  These documents were not submitted below.  Generally, the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable

---

[2] On review, the appellant argues for the first time that she "requested investigation from [OSC]."  PFR File, Tab 4 at 4.  To support this claim, she submits a March 22, 2021 email between her and an OSC employee.  *Id*. at 17.  Although the Board generally will not consider an argument raised or evidence submitted for the first time on review absent a showing that the new argument is based on new and material evidence that was not previously available despite the party's due diligence or evidence that was unavailable before the record closed below despite the party's due diligence, *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016), we have considered this argument and evidence here because it concerns the exhaustion of administrative remedies, which is a jurisdictional issue, and jurisdiction is always before the Board, *see Lovoy v. Department of Health and Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003).  Nonetheless, we find that the appellant still failed to show by preponderant evidence that she exhausted her administrative remedy with OSC.  Specifically, the email on which the appellant relies does not include details such as when she initially contacted OSC, what specific claims she brought to OSC, whether those claims specifically concerned whistleblower reprisal, or whether OSC closed its investigation or if the requisite amount of time has passed since she complained to OSC.  PFR File, Tab 4 at 17.  Accordingly, it does not provide a basis to disturb the initial decision.

[3] Given the nature of the appellant's allegations, we have also considered whether her claims could be construed as a claim of a constructive demotion.  The constructive demotion doctrine ordinarily applies when an employee was reassigned from a position which, due to the issuance of a new classification standard or correction of a classification error, was worth a higher grade; the employee met the legal and qualification requirements for promotion to the higher grade; and she was permanently reassigned to a position classified at a grade level lower than the grade level to which she would otherwise have been promoted.  *Solamon v. Department of Commerce*, 119 M.S.P.R. 1, ¶ 15 (2012); *Russell v. Department of the Navy*, 6 M.S.P.R. 698, 711 (1981).  Although we have considered whether the appellant was attempting to raise such a claim, the record does not include any evidence that the appellant was reassigned in the first instance.  Therefore, we find that the appellant has not made a constructive demotion claim.

before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).

Here, the record closed on or around July 9, 2021. I-2 AF, Tab 4 at 6, Tab 7. The newly submitted emails are dated August 31 and September 22, 2021, and therefore, were not available before the record closed below. PFR File, Tab 4 at 6-16. Nonetheless, the appellant has not explained how these emails are relevant to the question of jurisdiction or how they are otherwise of sufficient weight to warrant an outcome different than that of the initial decision. Rather, some of the emails appear to concern an internal dispute between the appellant and her union regarding whether the union would seek arbitration on her behalf. *Id*. at 6-9. The remaining email appears to document the appellant's concern that she was being left out of meetings and that a coworker was getting credit for her work. *Id*. at 11. Thus, none of these documents address issues of jurisdiction and, accordingly, do not provide a basis to grant the petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.